23 C.C.P.A. (Patents)

In re CARLSON et al.

Patent Appeal No. 3539.

Court of Customs and Patent Appeals.
Nov. 27, 1935.

Clarence M. Fisher, of Washington, D. C. (W. B. Morton, of Washington, D. C., of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellants applied to the United States Patent Office for a patent on a design for a clock case, on March 14, 1932. The drawing discloses a unitary design of a base and round-bodied clock case, the case being surmounted by a small knob-shaped projection. The novel features particularly relied on are the elongated rectangular base, and a clock face consisting of a convex projecting glass, surrounded by a band conforming with the general curve of the glass, and which front band or support for the glass extends slightly beyond the sides of the clock.

The Primary Examiner rejected the claim and cited several references, as follows: Item 46–F–1119, page 271, catalogue No. 112, Montgomery Ward & Co., year 1930; (Design) Sessions, 75,078, May 1, 1928; (Design) Whitehead, 77,343, December 25, 1928; (Design) Morgan, 19,-869, June 3, 1890; also (Design) Carlson, 89,168, February 7, 1933, is cited un-

der the authority of Ex parte Mevey, 1891, C.D. 115.

Following the decision of the Examiner, and an appeal to the board, an affidavit under rule 75, Rules of Practice, United States Patent Office, was filed with the purpose of overcoming the Montgomery Ward & Co. catalogue reference. This affidavit is as follows:

"State of Connecticut, County of Hartford, Bristol, ss.:

"Elof L. Carlson, being duly sworn, deposes and says that he is one of the applicants who filed the above-entitled application and that he is the same Elof L. Carlson who, on August 21, 1930, filed a design application for a Clock Case, which application was given Serial No. D–36723;

"That the clock case forming the subject matter of his sole application, Serial No. D–36723, and which is the case shown in the present application, was reduced to practice in this country prior to January 15, 1930, the date on which the Montgomery Ward Catalog No. 112 was issued;

"That the clock case attached hereto and identified as 'Exhibit A' was one of the clock cases produced in accordance with his invention prior to January 15, 1930;

"That he does not know and does not believe that the clock case shown in this application and in his prior application, Serial No. D–36723, has been in public use or on sale in this country or patented or described in a printed publication in this or any foreign country for more than two years prior to the filing of his aforesaid application, Serial No. D–36723, and that he has never abandoned the invention;

"That when the design for the clock case attached hereto was invented and at the present time he was and is in the employ of The E. Ingraham Company;

"That prior to September 25, 1930, Charles P. Stitt, his co-applicant in this application, was in the employ of The E. Ingraham Company;

"That the aforesaid Charles P. Stitt is not now and has not for some time past been in the employ of the E. Ingraham Company and that he does not know the present whereabouts of the said Charles P. Stitt and is informed and believes that the officials of The E. Ingraham Company, his assignee, do not know his present whereabouts;

"That a design such as is disclosed by the clock base attached hereto and marked 'Exhibit B' was shown to him by the aforesaid Charles P. Stitt prior to January 15, 1930, the date on which the Montgomery Ward Catalog No. 112 was issued;

"That he is informed and believes that the clock base attached hereto and marked 'Exhibit B' was produced in accordance with the invention of the aforesaid Charles P. Stitt prior to January 15, 1930;

"And that he does not know and does not believe that the design of the clock base attached hereto and which formed the subject matter of an application filed by the aforesaid Charles P. Stitt on September 25, 1930, Serial No. D–37069, has been in public use or on sale in this country or patented or described in a printed publication in this or any foreign country for more than two years prior to the filing of the aforesaid Stitt application, Serial No. D–37069.

"Elof L. Carlson."

The application was then remanded to the Primary Examiner, under the provisions of rule 138, for further report.

The Examiner held that the affidavit was not sufficient, giving as one of his grounds therefor that one of the joint inventors had neither signed the affidavit, nor furnished a statement of the reason why he failed to sign it. He then considered the Montgomery Ward & Co. reference, and rejected the claim on all the references cited. On appeal, on the merits to the Board of Appeals, the board held that said affidavit should have been considered, that a suitable excuse had been given for the failure of Stitt to sign, and that the fact that it was signed by one inventor only did not prevent its being used under rule 75.

In this particular holding, we conclude that the Board of Appeals was not in error. It is in conformity with the apparent intent of said rule 75. To rule otherwise would prevent one joint inventor, when the other is deceased or cannot be found, from having the benefit of this salutary provision of the rules of the Patent Office.

It appears from the record that the design for the body of the clock was the invention of the appellant Carlson, and

was the subject of a design application of Carlson, filed in the Patent Office August 21, 1930. The design for the base was the invention of the appellant Stitt, and was the subject of a design application, filed in the Patent Office on September 25, 1930. These applications were, respectively, rejected by the Examiner, and were afterwards abandoned upon the filing of the joint application.

The models which are referred to in the affidavit were models of these respective inventions.

After the Board of Appeals had held that the absence of the signature of Stitt to the affidavit under rule 75 did not prevent the use of the affidavit under that rule, the board went further and held that the affidavit, in connection with the models of the respective inventions of Carlson and Stitt which had been produced, did not show a complete reduction to practice of the invention in issue here "(as contemplated by the rule) since the parts which it is alleged constitute the prior applications, do not make the design of the instant application when they are assembled because they do not fit together properly."

Having found this to be true, the board considered the Montgomery Ward & Co. catalogue design as a proper reference.

The Montgomery Ward reference shows a page of a catalogue on which appears the reference, item 46–F–1119. The Board of Appeals also referred to another item on the same page, known as item 46–F–1151, which was considered by it to be a proper reference.

The present application was rejected on these Montgomery Ward & Co. catalogue references, together with the other references cited, except the Carlson patent, No. 89,168, which was held by the board not to be a proper reference.

Rule 75 of the United States Patent Office provides that when an original application for patent is rejected on a printed publication, "the applicant shall make oath to facts showing a completion of the invention. * * *" From this statutory language it is necessary, in an affidavit under this rule, to show that the applicants, Carlson and Stitt, had completed their invention, namely, the design in question here, before the publication in the catalogue of Montgomery Ward &

Co. This being a joint application, it follows that the invention or design must have been the joint product of the applicants, and not the individual product of one or the other. There is nothing in this affidavit which states, or even suggests, that Carlson and Stitt, working jointly, combined their conceptions of a design for a base and a clock case before the date of filing of their joint application. All they did, according to this record, was the production of a design for a base by Stitt, and the design for a case by Carlson. In attempting to swear back of the reference, under rule 75, Carlson presents certain exhibits which he contends show the unitary design. However, when these physical exhibits are placed together, they do not show the unitary design which is disclosed in their joint application. It seems quite obvious, therefore, that they have failed to comply with the conditions of the rule which requires the proof of the completion of the invention before the date of the reference publication.

We come now to a consideration of the references, and as to whether the design of the appellants finds anticipation in the prior art, as shown by the references.

The designs in the reference Montgomery Ward & Co. catalogue are designs of clocks, constructed with bases, round bodies, and small knobs upon the top thereof, and resemble, in a very noticeable degree, the design here shown by appellants. In some small details, on close examination, differences appear. However, the general impression upon the mind of one who looks at the illustrations is the same. The only feature which it seems is distinctive in the present application over the Montgomery Ward references, is the bulging, or convex glass front. This is an old feature, and has been many times used in clock faces, as is shown by the Whitehead reference. It is not every small change in construction which entitles an applicant to a design patent. There must be invention, and we are unable to perceive wherein the present design shows invention over the references cited.

We therefore affirm the decision of the Board of Appeals.

Affirmed.